■ MANUEL MARTINEZ, Respondent, v BECK & SONS, INC., et al., Appellants. — Judgment, Supreme Court, New York County (Seymour Schwartz, J.), entered on April 6, 1983, affirmed. Respondent shall recover of appellants $75 costs and disbursements of this appeal. Concur — Sandler, J. P., Asch and Fein, JJ.

Silverman and Bloom, JJ., dissent in part in a memorandum by Bloom, J., as follows: Plaintiff was injured when the car operated by him was struck in the rear by a van owned by defendant Beck & Sons, Inc., and operated by defendant Wayne, while plaintiff was stopped for a red light at Broadway and Hillside Avenue in the Borough of Manhattan. The jury returned a verdict of $180,000. At the time of the accident plaintiff was 37 years old and was employed as an automobile mechanic at Bronx Chrysler-Plymouth. Following the accident he walked three blocks to the emergency room of Jewish Memorial Hospital where he complained of dizziness and pain in the neck area. He was examined clinically and X-rayed. The X rays were negative for fracture or dislocation. However, it was noted that there were some minute degenerative changes in the coccyx area. He was given a soft collar for his neck and released. Plaintiff visited his private physician the next day. In all he made 23 visits to the doctor; the last being less than seven months after the accident. The only treatment accorded to him consisted of hot-packs and massages which were administered by the doctor's secretaries and which lasted from 10 to 15 minutes each. His physician referred him to an orthopedist who saw him approximately four or five times. Plaintiff returned to work approximately two weeks after the accident. Although he testified that he had to leave work early on many occasions because of neck pain his employer's bookkeeper testified that the records maintained by her showed clearly that he left work early on one occasion only from the date of the accident to the date his employment ended. Plaintiff testified that he left his employment at Bronx Chrysler-Plymouth in November, 1980 because of the pain in his neck. However, his employment record at Bronx Chrysler-Plymouth indicates that his employment was terminated by his employer on November 6, 1980. In short, it appears that the nature and extent of the plaintiff's injuries are grossly

exaggerated. In the circumstances I would afford plaintiff the option of stipulating to reduce the verdict to $75,000 or submitting to a new trial on the issue of damages only.